IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CURTIS SINGLETON,

                Plaintiff,              OPINION & ORDER

    v.

                                     12-cv-415-wmc

JOANNE LANE, JANEL NICKEL,
ANTHONY ASHWORTH, and
DOES 1-5,

                Defendants.

---

    Plaintiff Curtis Singleton is currently incarcerated at Waupun Correctional Institution, although this lawsuit concerns events that occurred while he was incarcerated at Columbia Correctional Institution. Specifically, Singleton claims that five unnamed "John Doe" defendants used unnecessary and excessive force against him by (1) slamming his head against a metal grate, (2) piling onto him after he collapsed, and (3) applying pressure to his head and limbs despite a lack of active resistance. He also claims that defendant Joanne Lane not only failed to intervene to protect him, but actually acquiesced in the use of force. Finally, he claims that defendants Lane, Janel Nickel and Anthony Ashworth filed a retaliatory conduct report against him in response to his threats to file a lawsuit. Singleton has been granted leave to proceed *in forma pauperis* on his claims against these defendants. (Dkt. #10.)

    Singleton also filed a motion to appoint counsel at the time he filed his complaint. (Dkt. #2.) The court denied the motion at that time, finding that his complaint was not sufficiently detailed to complete screening, but the denial was without prejudice to the court's later reconsideration. (Dkt. #9.) Singleton has since twice renewed his motion for

the appointment of counsel. (*See* dkt. ##15, 24.) Defendants have also filed an unopposed motion for partial summary judgment, on the grounds that Singleton failed to exhaust his administrative remedies with respect to all of his claims. (Dkt. #20.) In response, Singleton moved to amend his complaint. (Dkt. #25.)

The court will now grant defendants' motion for partial summary judgment, because uncontroverted evidence shows that Singleton did not exhaust his administrative remedies with respect to his retaliation claims. With respect to the remainder of Singleton's claims, the court will also grant the renewed motion for assistance in recruiting counsel at this time, because it appears that the case exceeds his capacity to litigate given his documented mental health problems and low functionality. Finally, the court will deny Singleton's motion to amend his complaint, because such amendment would be futile.

OPINION

I. **Summary Judgment**

The PLRA, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In the Seventh Circuit, "[e]xhaustion of administrative remedies . . . is a condition precedent to suit." *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002); *see also Perez v. Wis. Dep't of Corr.*, 183 F.3d 532, 535 (7th Cir. 1999) (holding that where administrative remedies have not been exhausted, "the district court lacks discretion to resolve the claim on the merits"). Additionally, the PLRA requires "proper exhaustion; that is, the inmate must file a timely grievance utilizing the procedures

2

and rules of the state's prison grievance process." *Maddox v. Love*, 655 F.3d 709, 720 (7th Cir. 2011) (internal quotation marks omitted).

The State of Wisconsin makes administrative remedies available to inmates under the Inmate Complaint Review System (ICRS). Under the ICRS, an inmate must file a complaint with the Institution Complaint Examiner (ICE) within 14 calendar days after the occurrence giving rise to the complaint. *See* Wis. Admin. Code § DOC 310.09(6). After the ICE reviews the complaint, he or she recommends action to a reviewing authority. *See id.* at § DOC 310.11(4), (11). The reviewing authority then makes a decision within ten working days of receiving the recommendation. *See id.* at § DOC 310.12. Inmates unsatisfied with a reviewing authority decision may appeal that decision to the corrections complaint examiner (CCE) within 10 calendar days. *See id.* at § DOC 310.13. The failure to take each step required by these administrative rules means the prisoner has failed to exhaust his administrative remedies. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Additionally, there are certain limits to inmates' use of the ICRS. For example, under Wis. Admin. Code § DOC 310.08(2)(a), an inmate may not use the ICRS to raise "[a]ny issue related to a conduct report, unless the inmate has exhausted the disciplinary process in accordance with ch. DOC 303." Accordingly, if an issue "is related to a conduct report, the inmate must raise it at the time of his disciplinary hearing and again on appeal to the warden, assuming the matter is not resolved at the disciplinary hearing stage." *Lindell v. Frank*, No. 05 C 003 C, 2005 WL 2339145, at *1 (W.D. Wis. Sept. 23, 2005). This is consistent with Wis. Admin. Code § DOC 303.76(7)(a), which states that an inmate who is found guilty after a disciplinary hearing on a major violation may appeal the decision, the sentence or both to the warden within 10 days of the hearing or receiving a copy of the

decision, whichever is later. After that appeal is complete, an inmate may use the ICRS only to appeal procedural errors. Wis. Admin. Code § DOC 303.76(7)(d); *see also id.* at § DOC 310.08(3).

Defendants provide an affidavit from Welcome Rose, a Corrections Complaint Examiner with the DOC. Rose avers that Singleton filed no inmate complaints regarding his First Amendment retaliation claims. (*See* Rose Affidavit (dkt. #22) ¶ 6.) Additionally, defendants submit an affidavit from Linda Alsum-O'Donovan, who avers that none of the allegedly retaliatory conduct reports that Singleton received were appealed to the Warden. (*See* Alsum-O'Donovan Affidavit (dkt. #23) ¶ 5.) Assuming that the retaliation claim was "related to a conduct report" and assuming that Singleton raised retaliation as a defense to each report, defendants argue that Singleton failed to complete all the steps required to exhaust his remedies by appealing the disposition of those conduct reports to the warden.

Since Singleton has failed to refute defendants' arguments or to respond to this evidence in any way, the undisputed record establishes that Singleton did not exhaust with respect to his retaliation claims. Accordingly, defendants Nickel and Ashworth are entitled to summary judgment and to be dismissed from this lawsuit, while defendant Lane is entitled to partial summary judgment on the retaliation claim asserted against her.

**II. Appointment of Counsel**

Because Singleton's excessive force claims against Lane and the John Doe defendants survive defendants' partial summary judgment motion, the court next considers whether to seek volunteer counsel for *pro se* plaintiff Singleton. As Singleton is now aware, civil litigants have no constitutional or statutory right to the appointment of counsel. *E.g.*, *Ray v.*

4

*Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). The court may, however, exercise its discretion in determining whether to *recruit* counsel *pro bono* to assist an eligible plaintiff who proceeds under the federal *in forma pauperis* statute. See 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono publico*."); *Luttrell*, 129 F.3d at 936. Accordingly, this court will construe Singleton's pending motions to appoint counsel as motions seeking the court's assistance in recruiting a volunteer under 28 U.S.C. § 1915(e)(1).

Before deciding whether it is necessary to recruit counsel, a court must find that the plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful, or that he has been prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Singleton has attached two rejection letters from attorneys whom he has contacted for representation to his second motion (*see* dkt. #15-2). Additionally, his previous motion included rejection letters from three other lawyers or organizations whom he contacted for assistance (*see* dkt. #3-1). Singleton has, therefore, met this threshold requirement.

In deciding whether to recruit counsel for an indigent civil litigant, the relevant question is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Five factors to be addressed include: (1) the merits of the claim for relief; (2) the ability of plaintiff to investigate crucial facts unaided; (3) whether the nature of the evidence indicates the truth will more likely be

5

exposed when both sides have counsel; (4) the indigent's capability to present the case; and (5) the complexity of the legal issues involved. *Jackson*, 953 F.2d at 1072.

Here, Singleton's only remaining claims are for excessive force against Lane and five John Doe defendants, whom he has not yet been able to identify on his own. Singleton also has documented mental health problems, including borderline intellectual functioning. (*See* Mot. Assistance Recruiting Counsel Ex. 1 (dkt. #15-1) 1.) He reads below a fourth-grade level, and his language skills are below third-grade level. (*Id.* at 4.) The law on Eighth Amendment claims is not complex, and Singleton's complaint was legible and coherent, but it appears that (1) the plaintiff's ghost writer or so-called "jailhouse lawyer" has since been released from prison; and (2) other inmates who have assisted him on his motions to recruit counsel are no longer available to assist in litigating his case. (*Id.* at 2.) Without this assistance, Singleton is unlikely to be able to press his claim further. Indeed, Singleton did not respond in any way to defendant's motion for partial summary judgment.

Moreover, this case is now past the preliminary stages. Defendants have been served, and some of Singleton's claims have survived summary judgment. From this point on, plaintiff must identify the John Doe defendants, prepare for trial of this case and/or consider an appropriate out-of-court resolution, tasks that Singleton is unlikely to accomplish on his own. Accordingly, the court believes that the present case exceeds Singleton's capacity to litigate and will seek volunteer counsel to assist him in presenting his case.

The court will notify Singleton when it has found an attorney willing to take his case on a volunteer basis and will provide further instruction at that time. For now, plaintiff should be aware that he is expected to work directly and cooperatively with his attorney, as well as those working at his direction, and must permit them to exercise their professional

judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he needs to hear, rather than what he might prefer to have heard, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting him from doing so. Accordingly, plaintiff must be prepared to accept the strategic decisions made by his lawyers even if he disagrees with some of them.

**III. Motion to Amend Complaint**

Finally, Singleton seeks leave to amend his complaint "to reflect that the defendants are to be sued in their official and personal capacity." *(See* Mot. Am. Compl. (dkt. #25) ¶ 1.) Since Singleton has already been granted leave to proceed against defendants in their personal capacities, this only leaves the question whether to grant leave to amend to sue the remaining defendants in their official capacities as well.

Courts are to give leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Even so, leave to amend a complaint may be denied in certain circumstances, such as when amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility arises when a proposed amended complaint "could not survive a second motion to dismiss." *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991).

Here, Singleton has been granted leave to proceed on Eighth Amendment claims pursuant to 42 U.S.C. § 1983. (*See* Opinion & Order (dkt. #10) 4-6.) "[S]ection 1983 does not authorize suits against states (states not being 'persons' within the statute's

7

meaning)[.]" *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000). "A suit against a state official in his or her official capacity is a suit against the state." *Id.*; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). Accordingly, Singleton may not bring monetary claims under § 1983 against Lane and the John Doe defendants in their official capacities; the statute itself does not permit it.[1] Allowing him to amend his complaint to add claims against defendants in their official capacities is, therefore, futile. Accordingly, his motion to amend will be denied.

## ORDER

IT IS ORDERED that:

(1) defendants' motion for partial summary judgment (dkt. #20) is GRANTED;

(2) the Clerk of Court shall amend the case caption consistent with this opinion;

(3) plaintiff Curtis Singleton's motions for assistance in recruiting counsel (dkt. ##15, 24) are GRANTED; and

(4) plaintiff's motion to amend his complaint (dkt. #25) is DENIED.

Entered this 26th day of March, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] *Will* allows actions for injunctive relief against state officials in their official capacities, *Will*, 491 U.S. at 71 n.10, but Singleton requests only monetary relief in this lawsuit.