IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CURTIS SINGLETON,

                Plaintiff,

v.

JOANNE LANE, *et al.*,

                Defendants.

ORDER

12-cv-415-wmc

---

      Plaintiff Singleton filed this civil action under 42 U.S.C. § 1983, concerning the conditions of his confinement in the Wisconsin Department of Corrections. The case is set for trial on March 23, 2015. Now pending before the court is plaintiff Singleton's request for a jury instruction drawing an inference that defendants destroyed adverse evidence. In particular, plaintiff contends that defendants failed to preserve video from a stationary security camera located in the DS-1 Unit of the Columbia Correctional Institution. Defendants have filed a motion *in limine* on this issue, arguing that an adverse-inference instruction is not warranted or proper because video from stationary security cameras is not regularly maintained.

      In order to draw an inference that a party destroyed evidence containing adverse information, "[the court] must find that the party intentionally destroyed the [evidence] in bad faith." *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008); *see also Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008) (A showing of bad faith "is a prerequisite to imposing sanctions for the destruction of evidence."). "The crucial element is not that evidence was destroyed but rather the reason for the destruction." *Faas*, 532 F.3d at 644 (citations and internal quotations omitted). A document is destroyed in bad faith if it is destroyed "for the purpose of hiding adverse information." *Id*. (quoting *Rummery*

*v. Ill. Bell Tel. Co.*, 250 F.3d 553, 558 (7th Cir. 2001)).

Here, the undisputed evidence reflects that DOC's stationary security cameras record cyclically, meaning that the video at issue was recorded over in a matter of hours through no fault of any named defendant. (*See* Dkt. # 72, Def. Lane's Resp. to Pl.'s First Set Interrogs. & Doc. Reqs. No. 7.) Thus, there is no showing that defendants destroyed evidence in bad faith for the purpose of hiding adverse information. *See Trask-Morton*, 543 F.3d at 681; *see also Olson v. Sax*, No. 09-cv-823, 2010 WL 2639863, at *3 (E.D. Wis. 2010) (recording over a videotape during the "routine good faith operation of [store's] video system" does not amount to bad faith destruction of evidence). Absent a showing that defendants intentionally destroyed the video in bad faith, the adverse-inference instruction is not warranted. *See Bracy v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013). Accordingly, plaintiff's requested jury instruction on the spoliation of evidence will be denied and defendants' motion *in limine* on this issue will be granted.

As the capacity to store large amounts of data at relatively little or no expense, the court could conceive of a different outcome on a more compelling set of facts, especially since this kind of video could be invaluable to both sides and the court in disputes of this type. But there has been no showing here that the DOC has adopted its policy of non-retention so that video could be quickly saved when useful, but allowed to be destroyed in the ordinary course when unhelpful (or worse, be used against its officers). In any event, there is *no* proof that the named defendants acted intentionally to destroy evidence in this case. As a result, plaintiff's motion will be denied.

ORDER

IT IS ORDERED that plaintiff's requested jury instruction on the spoliation of evidence (dkt. # 51) is DENIED and defendants' motion *in limine* (dkt. # 55) is GRANTED.

Entered this 17th day of March, 2015.

                BY THE COURT:

                /s/

                _____
                WILLIAM M. CONLEY
                District Judge